## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MATTHEW KRAUSE, et al.,       )
                              )
            Plaintiffs,        )
                              )
      vs.                   )   Civil Action No. 3:23-43
                              )   Judge Stephanie L. Haines
BLAIR COUNTY, PENNSYLVANIA, et al.,   )
                              )
           Defendants.       )

## OPINION

This is a civil rights case brought by Matthew, Rebecca, and Isaac Krause ("Plaintiffs") alleging various claims under 42 U.S.C. § 1983 and several state law tort claims. (Doc. 1). Plaintiffs allege they were harmed by Blair County and various other individuals and corporations after they were placed in foster care and their foster parents, who eventually adopted Plaintiffs, were arrested and convicted of child abuse. Plaintiffs originally sued Clearfield County ("Clearfield"), but later the parties agreed to dismiss Clearfield from the action without prejudice. (Doc. 24). Despite this, Plaintiffs later served two subpoenas on Clearfield requesting information pertaining to their time as minor children within the foster care system. (Docs. 49-1, 56-1).

Presently before the Court is a motion for protective order filed by non-party Clearfield (Doc. 49), Plaintiffs' response in opposition thereto (Doc. 51), and Clearfield's reply (Doc. 53). Also before the Court is Clearfield's supplemental motion for a protective order (Doc. 56) and Plaintiff's response in opposition thereto (Doc. 58). For the following reasons, Clearfield's motions for protective orders (Docs. 49, 56) will be **granted in part and denied in part**, as outlined below.

1

### A. Background

On March 9, 2023 Plaintiffs filed this lawsuit against several defendants, including Clearfield. (Doc. 1). On July 11, 2023, before Clearfield filed a responsive pleading, the parties agreed to dismiss Clearfield without prejudice by way of stipulation. (Doc. 24). The parties agreed, in relevant part, that, "should discovery reveal that Clearfield County, Pennsylvania may be liable for one or more causes of action related to this lawsuit, that Plaintiffs may file an amended complaint naming Clearfield County, Pennsylvania[.]" (*Id.* at 2). The Court subsequently ordered that Clearfield be dismissed without prejudice. (Doc. 30).

On November 2, 2023, Plaintiffs served Clearfield with a subpoena seeking various information, including that pertaining to communications, policies, and procedures applicable to Clearfield County Child Youth Services ("CYS") and information regarding the entire Krause family/children. (Docs. 49 ¶ 3, 49-1 p.5). The parties agreed that Clearfield's response to the subpoena was not due until December 8, 2023. (Docs. 49 ¶ 3, 49-2). Clearfield then moved for a protective order on December 4, 2023. (Doc. 49).

Subsequently, on February 2, 2024, Plaintiffs served Clearfield with a subsequent subpoena seeking much of the same information as the first subpoena but limiting the information to only that pertaining to the named Plaintiffs. (Docs. 56 ¶ 1, 56-1 p.5). Clearfield again moved for a protective order. (Doc. 56).

### B. Standard

Federal Rule of Civil Procedure 26 requires that information obtained during discovery is relevant to the claim(s) and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). When discovery is sought from a non-party, it is widely accepted that a stronger showing of relevancy is required. *See, e.g.*, *Zukoski v. Phila. Elec. Co.*, No. 93-4780, 1994 WL 637345, at *3 (E.D. Pa.

2

Nov. 14, 1994). While the scope of discovery is broad, it "is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999). Such limitations include a party's ability to move for a protective order under Federal Rule of Civil Procedure 26(c). This Rule allows a court to limit discovery "for good cause" in order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *See* Fed. R. Civ. P. 26(c)(1). Accordingly, pursuant to Rule 26(c)(1)(D), a party may seek a protective order whereby the court, for good cause shown, may limit the scope of disclosure or discovery to certain matters.

The movant requesting an order of protection over discovery material must demonstrate that "good cause" exists. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Id.* (quoting *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984)). Determining if good cause exists requires a court to balance the harm to the party seeking protection against the importance of disclosure to the party seeking the information. *See Benecard Servs., Inc. v. Allied World Specialty Ins. Co.*, No. 15-8593, 2017 WL 1383453, at *4 (D.N.J. Apr. 17, 2017).

## C. The Positions

Clearfield broadly asserts that it should be protected from responding to Plaintiffs' subpoenas on the basis that the information sought is not relevant, is overly broad, and is protected by confidentiality under Pennsylvania Child Protection Laws. (Docs. 49; 56 (citing 23 Pa.C.S.A. § 6340)). Clearfield contends that the CYS files sought are not relevant to Plaintiffs' claims because Clearfield CYS did not place Plaintiffs in the foster home of Barbara and Timothy Krause, rather Clearfield only became involved after Plaintiffs were adopted by the Krauses'. (Docs. 49 ¶ 8). Moreover, Clearfield contends that Plaintiffs' November 2, 2023 subpoena requests irrelevant

and confidential information pertaining to their non-party siblings as Barbara and Timothy Krause were prosecuted and convicted of child abuse crimes involving six children, including the three Plaintiffs and three other siblings. (Doc. 49 ¶ 11 (citing 23 Pa.C.S.A. § 6340(c)). Clearfield further asserts that the criminal files involving Plaintiffs cannot be produced as the information concerning Plaintiffs "is intertwined with information about their non-party adopted siblings to the point that restricted confidential information of the non-party siblings and information regarding the Plaintiffs cannot be appropriately separated or redacted." (Doc. 49 ¶ 12). Clearfield also mentions that the information sought by both of Plaintiffs' subpoenas was the subject of a Right to Know Request that Plaintiffs' counsel filed with Clearfield. (Doc. 56 ¶ 6). Clearfield contends that this request was denied and attaches to their response the Office of Open Records' denial. (Doc. 56-3). Lastly, Clearfield asserts that to the extent Plaintiffs' February 2, 2024 subpoena seeks identification of county personnel, such a request is an improper interrogatory directed to a non-party and not properly within the scope of the Federal Rules of Civil Procedure. (Doc. 56 ¶ 7).

In response, Plaintiffs state that their requested records and statements are relevant to their claims as the records will prove their damages. (Doc. 51 ¶¶ 6, 9). They contend that their statements to Clearfield County Children Youth and Families ("Clearfield CYF") formed the basis for Barbara and Timothy Krause's arrests and convictions. (*Id.* ¶¶ 7-8). Plaintiffs note that the Clearfield CYF recorded statements and investigative records cannot be separated into distinct parts as to each child and, therefore, all of these records should be produced in response to their subpoenas. (*Id.* ¶ 12). They also contend that the criminal records of Barbara and Timothy Krause should be produced in their entirety because they are directly relevant to their lawsuit. (*Id.* ¶ 13). Additionally, Plaintiffs assert that the confidentiality provisions of 23 Pa. C.S.A. § 6340 may apply here, but that the defined purpose for keeping CYF records confidential was thwarted when

Plaintiffs were abused and their records were given to Clearfield prosecutors in order to convict Barbara and Timothy Krause; further Plaintiffs contend that this privilege should not apply here where the Plaintiffs' need for the records outweighs any potential harm in producing the records. (*Id.* ¶¶ 14, 15).

### D. Analysis

According to Clearfield's motions and Plaintiff's responses submitted to the Court, all of the inquiries within the contested subpoenas are in dispute. The Court will analyze the information requested and group several of the subpoena requests for ease of analysis.

### a) Requests for Information Involving Plaintiffs' Non-Party Siblings

The Court first addresses Plaintiffs' November 2, 2023 subpoena, which broadly requests information pertaining to the Krause children/family. (Doc. 49-1 p.5). It is clear from the parties' filings that the Krause family involved more than just the named Plaintiffs and included at least three other siblings who are not named in this lawsuit. (*See* Docs. 49 ¶ 11; 51 ¶ 10). Plaintiffs appear to have recognized that these requests were overly broad as their subsequent subpoena to Clearfield limits the requested information to that involving only the named Plaintiffs. (Doc. 56-1 p.5).

The Court finds that information requested pertaining to these non-party siblings is not discoverable as it is not proportional to the needs of this case. Fed. R. Civ. P. 26. While this information may fall under the broad relevancy definition of Rule 26, information concerning the non-party siblings would not be proportional to the needs of this case as any benefit this information may provide is outweighed by these non-party siblings' significant confidentiality and privacy interests in this information. In balancing the interests of the parties, the Court concludes that to the extent information concerning the non-party siblings is intertwined with information

involving the named Plaintiffs, such information about the non-party siblings should be redacted and protected from discovery in this lawsuit. *See L.W. v. Lackawanna Cnty*, No. 3:14-CV-01610, 2015 WL 6406809, at *2 (M.D. Pa. Oct. 22, 2015) (issuing a protective order requiring redaction to maintain the confidentiality of child abuse victims not subject to the litigation). This finding limits the scope of Plaintiffs' requests in their initial subpoena to only information concerning the named Plaintiffs. (Doc. 49-1).

b) **Requests to Identify Personnel**

In their subpoenas directed to Clearfield, Plaintiffs request identification of certain Clearfield personnel. Specifically, Plaintiffs request the following:

1. **Identify the personnel of Clearfield County Children Youth and Families ("CYF") that performed any tasks whatsoever with regard to Rebekah (aka Rebecca), Isaac, and Matthew Krause.**

(Docs. 49-1 p. 5 ¶ 1; 56-1 p. 5 ¶ 1).

Clearfield objects to this request on the basis that it is an improper interrogatory directed to a non-party and not properly within the scope of the Federal Rules of Civil Procedure. (Doc. 56 ¶ 7) (citing *Ickes v. Grassmeyer*, 2016 WL 4197600, at n.2 (W.D. Pa. Aug. 8, 2016)).

The Court agrees with Clearfield and grants Clearfield's motion for a protective order as to this inquiry. This request does not actually describe any documents or categories of documents to be produced, but instead poses a question to Clearfield in the form of an interrogatory. Plaintiffs are not permitted to serve interrogatories on a non-party witness; rather, Rule 45 only permits a subpoena to compel the production of existing documents, other evidence, or the attendance of a witness at a deposition. *See* Fed. R. Civ. P. 45; *see, e.g.*, *Mawson v. Newport Twp. Police Dept.*, No. 3:22-cv-01483, at *1 (M.D. Pa. Feb. 9, 2023) (citing *Dirig v. Neal*, No. 3:18-cv-851-JD-MGG, 2019 WL 4830934, at *3 (N.D. Ind. Oct. 1, 2019) (stating "the Federal Rules of Civil Procedure

do not authorize the court to subpoena written statements or answers to interrogatories from non-parties.")) (citations omitted). Accordingly, the Court will grant Plaintiff's request for a protective order as to this inquiry.

c) **Requests for Information from CYF Agencies**

Plaintiffs broadly seek to discover records and communications pertaining to themselves from Clearfield. Specifically, Plaintiffs request the following from Clearfield:

1. **Produce any and all records maintained by Clearfield County CYF regarding Rebekah (aka Rebecca), Isaac, and Matthew Krause.**

2. **All communications between Clearfield County CYS and Blair County CYS regarding Timothy, Barbara, Rebekah (aka Rebecca), Isaac, and/or Matthew Krause.**

3. **All written and recorded statements of Timothy, Barbara, Rebekah (aka Rebecca), Isaac, and/or Matthew Krause provided to Clearfield County CYF and Clearfield County investigators.**

(Docs. 49-1 p. 5 ¶¶ 2, 7; 56-1 p. 5 ¶¶ 2, 6, 7, 8).

The Court finds that this requested information meets the relevancy hurdle of Federal Rule of Civil Procedure 26. The Clearfield CYF records pertaining to Plaintiffs and the written and recorded statements of Plaintiffs are plainly relevant to this dispute. Plaintiffs allege that Clearfield took custody of them when they were placed with the Krause family and it was here that Plaintiffs were subject to child abuse, for which Barbara and Timothy Krause were eventually arrested and convicted. (*See* Doc. 1 at ¶¶ 37, 58-63). Additionally, the communications between Clearfield CYS and Blair County CYS are relevant to the Plaintiffs' claims that allege interference with familial associations, specifically Plaintiffs' allegation that there was a scheme between Clearfield and Blair CYS agencies to ensure that Plaintiffs were not reunited with their biological parents and, instead, placed in the Krause's home. (Doc. 1 ¶¶ 25-28, 43-53). While Clearfield is no longer a party to this claim, Plaintiffs do allege this claim against Blair County, a party to these

communications. (Doc. 1 at p. 9). Lastly, the written and recorded statements of Timothy and Barbara Krause are relevant to Plaintiffs' claims as both Barbara and Timothy's Estate are named parties to this lawsuit and their statements to Clearfield County CYF and investigators are likely to pertain to the child abuse investigation at the heart of Plaintiffs' claims. (Doc. 1).

Clearfield asserts that this requested information is protected pursuant to 23 Pa. C.S.A. § 6340, which mandates that reports are child abuse are preserved and provides that such reports be made available only to a limited number of persons, among whom are the subject of any report. (*See* Doc. 49 ¶¶ 10, 11, 14).

Even if Clearfield is correct in stating that this Pennsylvania statutory law creates a broad privilege to protect disclosure of the sought-after information, this state law privilege does not automatically apply in this federal question case. Federal Rule of Evidence 501 provides that except as otherwise required by federal law, "the privilege of a witness, person, government, State or political subdivision thereof is determined in accordance with State law, unless with respect to the particular claim or defense, Federal law supplies the rule of decision." Fed. R. Evid. 501. Here, Plaintiffs filed this action pursuant to 42 U.S.C. § 1983 and alleged violations of federally constitutionally guaranteed rights and several state law tort claims. (Doc. 1). The United States Court of Appeals for the Third Circuit has instructed that "when there are federal law claims in a case also presenting state law claims, the federal rule favoring admissibility, rather than any state law privilege, is the controlling rule." *Wm. T. Thompson Co. v. General Nutrition Corp.*, 671 F.2d 100, 104 (3d Cir. 1982). Thus, the Court finds that this Pennsylvania statutory privilege does not apply to this federal question case as federal law supplies the rule of decision over Plaintiffs' claims as it does the law of privilege. *See, e.g., Pearson v. Miller*, 211 F.3d 57, 61 (3d Cir. 2000) (stating that because "discovery disputes in federal courts are governed by federal law" the Pennsylvania

8

confidentiality provisions of the Pennsylvania Child Protective Services Law ("CPSL"), 23 Pa.C.S. § 6301, *et seq.*, did not "directly govern the . . . dispute"); *Purcicelli v. Houston*, No. 99-2982, 2000 WL 298922, at *2-3 (E.D. Pa. Mar. 15, 2000) (evaluating the Pennsylvania CPSL and noting that the court was "neither compelled nor inclined to recognize a privilege against the discovery of an abuse investigation file when sought by the subject of the file for the purpose of proving his § 1983 claim.").

Applied to this case, the Court is not compelled to recognize a privilege against the discovery of an abuse investigation file when sought by the Plaintiffs, who are the subjects of the file, for purposes of proving their § 1983 claims. *See id.* Nevertheless, the "[c]onsiderations of comity require that [the Court] at least consider" the confidentiality rights and privileges granted by the relevant state provisions. *Pearson*, 211 F.3d at 69. Therefore, in the interests of protecting the identity of the accuser(s) and Plaintiffs' siblings who are not parties to this lawsuit, all notations or statements identifying the accuser(s) or pertaining to other victims who are not one of the named Plaintiffs shall be redacted from the materials prior to disclosure. *See id.* at 70 (noting that the Pennsylvania CPSL's confidentiality provision is "directed at the confidentiality interests not only of the child, but also those who file child abuse reports, of those who work with the child, and, perhaps, of the state agencies themselves.").

Accordingly, Clearfield should produce the requested information subject to the aforementioned restrictions and as outlined in the attached Order.

**d) Requests Pertaining to Plaintiffs' *Monell* Claims**

In their Complaint, Plaintiffs filed *Monell* claims against Defendants Blair County, Clearfield County, and the City of Altoona. (Doc. 1 at p. 13); *Monell v. Dept. of Soc. Servs. Of New York*, 436 U.S. 658 (1978). A *Monell* claim brought against a municipal entity requires that

any injury must be inflicted by "execution of a government's policy or custom." 436 U.S. at 694. Plaintiffs have requests in each of their subpoenas pertaining to this type of claim requesting the following information:

1. **All policies and procedures applicable to Clearfield County CYS and the investigation of allegations of child abuse.**

2. **All policies and procedures applicable to Clearfield County CYS and the removal of children from their home.**

(Docs. 49-1 p. 5 ¶¶ 3, 4; 56-1 p. 5 ¶¶ 3).

The Court grants Clearfield's motion for a protective order as to these requests as Plaintiff's *Monell* claims are no longer filed against Clearfield by virtue of the parties' stipulation to dismiss Clearfield as Defendant. (Doc. 24). As such, these requests are not relevant as the policies and procedures produced will not pertain to a party in the lawsuit and will not relate to a subject matter or defense involved in the pending action. *See* Fed. R. Civ. P. 26; *Jones v. DeRosa*, 238 F.R.D. 157, 163-64 (D.N.J. 2006) (finding township policies and procedures did not need to be produced because they were irrelevant when the township was no longer a party to the lawsuit and plaintiff provided nothing specific as to how these policies would be relevant to the other parties). Plaintiffs provide no reasoning as to how these policies and procedures would be relevant to their claims against the remaining parties to this action. Accordingly, the Court grants Clearfield's protective order as to these requests.

e) <u>**Requests Pertaining to the Criminal Case Involving Barbara and Timothy Krause**</u>

In their subpoenas directed to Clearfield, Plaintiffs request information pertaining to Barbara and Timothy Krause. Specifically, Plaintiffs request the following information:

1. **The complete criminal case files for Barbara and Timothy Krause.**

(Docs. 49-1 p.5 ¶¶ 5, 6; 56-1 p. 5 ¶¶ 4, 5).

It is clear to the Court that such information meets the relevancy requirement of Federal Rule of Civil Procedure 26. Plaintiffs were some of the child abuse victims of Barbara and Timothy Krause, who were arrested and convicted of such crimes. (Doc. 1 ¶ 37). Plaintiffs allege several claims against Barbara and Timothy Krause, including intentional infliction of emotional distress and battery, on the basis that the Krause's subjected them to unwanted touching and to severe and ongoing emotional distress by way of abuse. (Doc. 1 ¶¶ 83-88). It is clear that the requested information would be relevant to these claims as it would provide evidence that Plaintiffs were victims of abuse at the hands of Barbara and Timothy Krause.

However, such criminal case files will necessarily contain information about Plaintiffs' non-party siblings and potentially other non-parties. In line with the reasoning pertaining to Plaintiffs' other requests, all notations or statements identifying the accuser(s) or pertaining to other victims who are not one of the named Plaintiffs shall be redacted from the materials prior to disclosure.

### E. Conclusion

Based on the foregoing, Clearfield should produce the requested materials as outlined above. Should Plaintiffs' counsel be unable to follow the narrative of any of the produced materials given the redaction of certain identifying information, Plaintiffs' counsel may address the issue with the Court at that time. An appropriate order follows.

DATE: June 9, 2025

Stephanie L. Haines
United States District Judge

cc/ecf: All counsel of record

11